IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50656
Summary Calendar
_____

YSLETA DEL SUR PUEBLO,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-98-P
_____
January 6, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ysleta Del Sur Pueblo ("Pueblo"), an Indian Tribe, appeals the dismissal of its

claims pursuant to F.R.C.P 12(b)(1). Because the district court erroneously granted

dismissal with prejudice, we modify the dismissal to render it without prejudice and

affirm as modified.

A state may be subject to suit in federal court under two circumstances. One is

waiver of immunity and the other is congressional abrogation of 11th Amendment

immunity. Florida Prepaid Postsecondary Education Expense Board v. College Savings

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bank, (Florida Prepaid I) 119 S. Ct. 2199, 2204 - 5 (1999). It is not contended that the State of Texas expressly consented to this lawsuit, and implied waiver under Parden v. Terminal Railway of Alabama State Docks Dept., 377 U.S. 184, 84 S. Ct. 1207 (1964) has been overruled. College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, (Florida Prepaid II) 119 S. Ct. 2219, 2228 (1999). Because there is no viable argument for express or implied waiver, Pueblo must establish abrogation under Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct. 1114 (1996).

Two tests must be satisfied for congressional abrogation of 11th Amendment immunity. The first is that Congress must unequivocally express its intent to abrogate State immunity. Seminole Tribe, 116 S. Ct. at 1114. The second is that the abrogation must be pursuant to a valid exercise of constitutional power. Id.

Pueblo argues that the Indian Non-Intercourse Act ("INA") abrogates State immunity. The act as amended in 1834 and now codified at 25 U.S.C. § 177, provides:

> No purchase, grant, lease, or other conveyance of lands, or any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution. Every person who, not being employed under the authority of the United States, attempts to negotiate such treaty or convention, directly or indirectly, or to treat with any such nation or tribe of Indians for the title or purchase of any lands by them held or claimed, is liable to a penalty of $1,000. The agent of any State who may be present at any treaty held with Indians under the authority of the United States, in the presence and with the approbation of the commissioner of the United States appointed to hold the same, may, however, propose to, and adjust with, the Indians the compensation to be made for their claim to lands within such State, which shall be extinguished by treaty.

Neither this language nor the language of the prior versions meets the "unequivocally expressed intent" test. Even if a less stringent test were applied, this statute does not address state immunity at all and provides no basis to find congressional intent to abrogate immunity.

2

Furthermore, the INA was not passed under any constitutional power permitting abrogation of 11th Amendment immunity. Article I powers are not a valid source of congressional abrogation authority. Seminole Tribe, 116 S. Ct. 1132; Florida Prepaid I, 119 S. Ct. at 2205. Neither the Commerce Clause, the Indian Commerce Clause nor the War Powers Clause provides abrogation authority. Congress did not pass the INA pursuant to the 14th Amendment because the last amendment of the INA occurred before adoption of the 14th Amendment. Even if such a claim were credible, Congress must identify conduct transgressing the 14th Amendment's substantive provisions, and must tailor its legislative scheme to remedying or preventing such conduct. Florida Prepaid I, 119 S. Ct. at 2207.

Pueblo alternatively contends that the self-executing remedy of the takings clause of the 5th Amendment provides independent abrogation by virtue of incorporation into the 14th Amendment. The 14th Amendment only provides Congress with power to enforce the Amendment through legislation, which provides the basis for congressional abrogation. Remedies against states under the 14th Amendment are created by legislation, not by other constitutional amendments.

This court has rejected 5th Amendment takings claims on 11th Amendment immunity grounds in two prior cases. John G. and Marie Stella Kenedy Memorial Foundation v. Mauro, 21 F.3d 667, 674 (5th Cir. 1993); McMurtray v. Holladay, 11 F.3d 499, 505 (5th Cir. 1993). First Evangelical Lutheran Church v. County of Los Angeles, 107 S. Ct. 2378, 2386 (1987), was a state court action brought against a county in which the 11th Amendment was completely inapplicable, therefore it has no precedental effect on our application of state immunity in federal court.

The district court erroneously dismissed with prejudice for lack of jurisdiction.

3

F.R.C.P. 41(b). Alden v. Maine, 119 S. Ct. 2240 (1999) may bar a state court action; However this question was never briefed, argued or decided in the district court and we will not consider matters raised for the first time on appeal. The only issue decided by the district court is that the 11th Amendment bars this claim against the State of Texas in federal court, which has no effect on claims Pueblo may bring in state court. Accordingly, the judgment of the district court is modified to be dismissal without prejudice.

AFFIRMED AS MODIFIED.